## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Robin Howard** | * |
| As the Personal Representative of the | |
| Estate of Anthony Howard, Sr. | * |
| 23210 Murdock Ridge Way | Civil Action No. |
| Clarksburg, Maryland 20871 | * |
| | |
| **Anthony Howard, Jr.** | * |
| 5405 Tuckerman Lane | |
| Rockville, Maryland 20852 | * |
| | |
| Plaintiffs | * |
| | |
| v. | * |
| | |
| | * |
| | |
| **MONTGOMERY COUNTY,** | |
| **MARYLAND** | * |
| **Serve:** | |
| **Marc P. Hansen, Esq.** | * |
| County Attorney, Montgomery County | |
| 101 Monroe Street | * |
| Third Floor | |
| Rockville, MD 20850 | * |
| | |
| **Alexander Patapis** | * |
| Individually and in his capacity as a | |
| Montgomery County Police Officer | * |
| Sixth District | |
| 45 West Watkins Mill Rd | * |
| Gaithersburg, MD 20878 | |
| | * |
| **Dana Russell** | |
| Individually and in her capacity as a | |
| Montgomery County Police Officer | |
| Sixth District | |
| 45 West Watkins Mill Rd | |
| Gaithersburg, MD 20878 | |
| | |
| Defendants. | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT

Plaintiff, Robin Howard, as the Personal Representative for the Estate of Anthony Howard, Sr., and Anthony Howard, Jr., by undersigned attorneys, William H. Murphy, Jr., Jason Downs, and the law firm of Murphy Falcon Murphy, hereby file this complaint, and sue Defendants and state:

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the Defendants for committing acts under color of law which deprived Anthony Howard, Sr. of rights secured under the Constitution and laws of the United States.

2. In addition, it is a civil action seeking damages against the Defendants for intentional wrongdoing and acts of negligence under common law.

## JURISDICTION AND VENUE

3. Jurisdiction exists in this case pursuant to the Fourth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

4. Montgomery County was given notice of this claim by letter dated August 1, 2013.

## PARTIES

5. Plaintiff, Robin Howard ("Plaintiff R. Howard"), was at all times relevant herein, a resident of the State of Maryland. Plaintiff R. Howard is the personal representative of the estate of her deceased brother, Anthony Howard, Sr ("Mr. Howard").

6.      Plaintiff Anthony Howard, Jr. ("Plaintiff A. Howard") was at all times relevant herein, a resident of the State of Maryland.  Plaintiff A. Howard is the son of the decedent, Anthony Howard, Sr.

7.      Defendant Montgomery maintains a police department which operates under and administers a set of law enforcement polices, practices and customs involving the hiring, training and supervision of its officers.  These polices, practices and customs include training in the use of force and on-the-street encounters with civilians as well as taser training.  Montgomery County is liable directly and vicariously.

8.      Defendant Alexander Patapis ("Defendant Patapis"), at all times relevant to this Complaint, was employed as a member of the MCPD. As a member of the MCPD, Defendant Patapis acts and has acted as an agent, servant or employee of Montgomery County, Maryland and the MCPD.  Defendant Patapis is sued in his individual and official capacities.

9.      Defendant Dana Russell ("Defendant Russell"), at all times relevant to this Complaint, was employed as a member of the MCPD. As a member of the MCPD, Defendant Russell acts and has acted as an agent, servant or employee of Montgomery County, Maryland and the MCPD.  Defendant Russell is sued in her individual and official capacities.

## STATEMENT OF RELEVANT FACTS

10.      Plaintiffs' decedent, Mr. Howard, was a fifty-one year old man who resided at 7500 Brink Road, Laytonsville, Maryland 20882.

11.      On or about April 19, 2013, several Montgomery County police officers, including, Officers Santos, Patapis, Russell, Howard, and James, responded to the 8800 block of Cross Country Place in Montgomery County, Maryland.

3

12.     At the beginning of the encounter with police officers, Mr. Howard was dancing barefoot on the top of an SUV.  Several members of the community watched, laughed, and jokingly recorded Mr. Howard dancing and spinning in circles. One of the witnesses can be heard saying, "this is too funny" as Mr. Howard danced.

13.     Once police officers arrived on the scene, one of the witnesses indicated Mr. Howard looked like he was playing a video game, "Sega." Officers sprayed pepper spray in Mr. Howard's direction multiple times.  Mr. Howard backed away from the officers, attempted to play basketball with no hoop, but continuously kept a safe distance from police officers.

14.     Mr. Howard did not pose any legitimate, immediate threat to the physical safety of the police officers or the bystanders. Mr. Howard did not attempt to flee the area.

15.     As Officer Santos approached Mr. Howard, Officer Santos mistakenly pepper sprays himself.  Bystanders laugh at the officer and taunt the officers to tase Mr. Howard.

16.     As officers approach Mr. Howard for the final time, Mr. Howard is holding a child's scooter.  Mr. Howard is not wielding the scooter or using it in an aggressive manner.   Bystanders laughingly urge the officers to tase Mr. Howard. Defendants Patapis and Russell both deploy their tasers for a total of nine deployments, totaling thirty-seven seconds.

17.     TASER warns against discharge exceeding fifteen seconds.  Defendants Patapis and Russell tased Mr. Howard for a total of thirty-seven seconds.

18.     TASER warns against simultaneously using multiple tasers on a human being.  Both Defendants Patapis and Russell simultaneously deployed their tasers on Mr. Howard.

19.     TASER warns against deploying a Taser on a human being on an elevated surface.  Defendants Patapis and Russell simultaneously deployed their tasers on Mr. Howard while Mr. Howard was standing on an elevated surface.

20.     Mr. Howard collapsed as a result of being tased.

21.     After simultaneously tasing Mr. Howard for more than double the recommended time period, officers checked Mr. Howard for a pulse. Officers could not find a pulse.  Mr. Howard died after being tased.

22.     Although Defendant Montgomery County knew or should have known that its officers routinely violate the civil rights of persons by inappropriately using taser guns, it took no steps to better train or supervise the members of the MCPD, including Defendants Patapis and Russell.

23.     Additionally, Defendant Montgomery County routinely allows its ill-trained and poorly supervised officers to use tasers without proper training.

24.     Officers at the MCPD routinely utilize excessive force with taser guns.  As a result, several persons that posed no legitimate, immediate threat to officers or bystanders died after being tased.  These persons include, but are not limited to, Karreem Ali, Delric East, and Dajun Graham.

25.     At all times relevant to this action, Defendants Patapis and Russell were acting under color of law and within the scope of his employment as a duly appointed law enforcement officers of Montgomery County, Maryland.

26.     At all times relevant to this action, Montgomery County had in effect and was responsible for the policies and procedures followed by Defendants Patapis and Russell in the actions taken relating to Mr. Howard, and was further responsible for the hiring, training, supervision, monitoring and disciplining of such officers.

### COUNT I
**(Deprivation of Rights – Pattern and Practice 42 U.S.C. §1983)**
**All Plaintiffs Against All Defendants**

28.     Plaintiff incorporates herein by reference and adopt all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

29.     At all times relevant to this Complaint, Defendant Montgomery County condoned a custom and/or practice wherein officers of the MCPD routinely improperly used tasers on suspects. This custom and/or practice was pervasive and long-standing.

30.     In accordance with, and/or as a direct and proximate result of, this custom and/or practice, Defendants Patapis and Russell tased Mr. Howard for at least thirty-seven seconds, utilizing excessive force in seizing Mr. Howard.  This excessive force was in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.  Mr. Howard died as a result thereof.

31.     As a direct and proximate cause of the intentional acts and wrongdoing by Defendants, Mr. Howard was unlawfully killed.

32.     Defendant Montgomery County, acting under color of law, approved and/or condoned the intentional actions of Defendants Patapis and Russell; thus, any and all liability on the part of Defendants Patapis and Russell is imputed to Defendant Montgomery County.

6

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

## COUNT II
**(Deprivation of Rights –Failure to Train and Supervise 42 U.S.C. §1983)**
**All Plaintiffs Against All Defendants**

33.     Plaintiff incorporates herein by reference and adopt all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

34.     At all times relevant to this Complaint, Defendant Montgomery County failed to properly train officers at the MCPD, including Defendants Patapis and Russell, as to how to safely seize a suspect utilizing a taser.  There was an obvious need to train MCPD police officers as to safely deploying tasers because tasers are dangerous weapons.

35.     Defendant Montgomery County was on constructive notice as to the dangers of tasing human beings.

36.     In accordance with, and/or as a direct and proximate result of, this custom and/or practice, Defendants Patapis and Russell tased Mr. Howard for at least thirty-seven seconds, utilizing excessive force in seizing Mr. Howard.  This excessive force was in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.  Mr. Howard died as a result thereof.

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

**COUNT III**
**(Maryland Constitution – Excessive Force)**
**All Plaintiffs Against All Defendants**

35.     Plaintiff incorporates herein by reference and adopts all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

36.     Defendants violated Plaintiff's civil rights and due process as set forth in the Maryland State Constitution and the Declaration of Rights, including Article 24, by using excessive force.

37.     Defendants Patapis and Russell used excessive force when they tased him at least nine times for a total of thirty-seven seconds, which is more than double the recommended limit.

38.     Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice.  Defendants Patapis and Russell intended to harm Mr. Howard when, with excessive force, they tased him at least nine times for thirty-seven seconds.

39.     As a result, Mr. Howard suffered severe pain, emotional distress, and mental anguish as he was being tortured to death at the hands of Defendants Patapis and Russell.

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

**COUNT IV**
**(Maryland Constitution – Failure to Train and Supervise)**
**All Plaintiffs Against All Defendants**

8

40.     Plaintiff incorporates herein by reference and adopt all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

41.     Defendants violated Plaintiff's civil rights and due process as set forth in the Maryland State Constitution and the Declaration of Rights, including Article 24, by failing to properly train MCPD officers, including Defendants Patapis and Russell, as to how to safely seize a suspect utilizing a taser.

42.     Defendant Montgomery County's failure to provide proper training and supervision demonstrated deliberate indifference to the safety of civilians with whom its police officers came into contact. Defendant Montgomery County's wrongful conduct in failing to properly train and supervise its officers directly led to the death of Mr. Howard and to the injuries and damages suffered by his survivors.

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

## COUNT V  (Survival Act)
### All Plaintiffs Against All Defendants

66.     Plaintiff incorporates herein by reference and adopt all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

67.     Pursuant to the Annotated Code of Maryland, Estates and Trusts § 7-401(y), the decedent's right of action for wrongful and negligent conduct against Defendants survives in favor of Plaintiff R. Howard, the legal representative of the

deceased. Plaintiff, R. Howard demands all damages recoverable under the Act including substantial damages for funeral and medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

### COUNT VI- (Wrongful Death)
**All Plaintiffs Against All Defendants**

68.     Plaintiff incorporates herein by reference and adopt all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

69.     Plaintiffs' claims are also actionable under the Maryland Wrongful Death Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-901.

70.     As a direct result of the negligence or wrongful acts of the Defendants, Plaintiffs and the next of kin of the decedent, incurred burial expenses, loss of the pecuniary value of services expected to be performed by the decedent and other damages recoverable under the Act.

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

### COUNT VII
**(Assault & Battery)**
**All Plaintiffs Against All Defendants**

71.     Plaintiff incorporates herein by reference and adopt all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

72.     The Defendants, without adequate justification or proper grounds, willfully and/or maliciously caused the tasering of Mr. Howard for at least thirty-seven seconds, which is more than double the recommended limit.  Defendants caused Mr. Howard's tasering notwithstanding the fact that he did not pose an immediate threat of harm to Defendants or anyone else.

73.     As a direct and proximate result of Defendants' willful, malicious, and intentional actions, Mr. Howard was unjustifiably killed by Defendants Patapis and Russell.

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

## COUNT VIII
### (Intentional Infliction of Emotional Distress)
### All Plaintiffs Against All Defendants

74.     Plaintiff incorporates herein by reference and adopt all of the allegations in the preceding and subsequent paragraphs of this Complaint as if they were set forth fully again.

75.     Defendants Patapis and Russell intentionally caused severe emotional distress to Mr. Howard by their extremely reckless, malicious and indifferent conduct, including, but not limited to, tasing him at least nine times for a total of thirty-seven seconds.

76.    As a direct and proximate result of Defendants extremely reckless, malicious and indifferent conduct, Mr. Howard suffered severe pain, emotional distress, and mental anguish as he was being tortured to death at the hands of Defendants Patapis and Russell.

WHEREFORE Plaintiffs demand judgment against Defendants, jointly and severally, in the full and fair amount of Fifty Million Dollars ($50,000,000.00) in compensatory and punitive damages plus interest and costs.

Respectfully submitted,


_____/s/_____
Jason Downs, # 29575
Murphy, Falcon & Murphy, PA
One South Street, 23rd Floor
Baltimore, Maryland 21202
(410) 951-8744
*Attorney for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.


_____/s/_____
Jason Downs